DANIEL T. HEDGES, Respondent, v. WILLIAM S. WILLIAMS, Appellant.

*Evidence — when the deposition of a witness taken out of the State may be read although the witness be in court — the deposition can only be suppressed by a special motion — Code of Civil Procedure, sec. 910.*

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover the amount of a promissory note made by the defendant.

The court at General Term, after considering other objections, said: "The depositions of two of the witnesses who had been examined upon an open commission out of the State were read upon the trial, although the witnesses themselves were personally present before the referee. To this the counsel for the defendant objected and moved that the depositions should be suppressed. The referee overruled the objection and denied the application to suppress the depositions and the defendant's counsel excepted. The section of the Code now relied upon as supporting both the objection and the application does not go to that extent. It merely permits the court, on motion, to suppress the deposition of a witness for this as well as other causes. (Code, § 910.) It contemplates a special motion, on the hearing of which all the facts may be brought before, and considered by, the court. The section has not been framed in such a manner as to permit the party to proceed to the trial and then, while it is in progress, for the first time present the application as a legal point to be ruled upon in the course of the hearing. If a further examination of either of these witnesses was desirable for any reason, the defendant himself could have secured that as they were personally present during the trial; or the proceedings could have been suspended and a motion made to the court for the suppression of the depositions. The section of the Code does not authorize their exclusion as evidence as long as they have not been suppressed. And whether they should be is a matter resting in the discretion of the court, to which a motion for that purpose may be addressed. This section has not changed the former practice when no order for the suppression of the depositions

has been obtained. And that allowed them to be used as evidence even if the personal attendance of the witness could be secured. (*Phenix* v. *Baldwin*, 14 Wend., 62.) A deposition taken out of the State differs in this respect from one taken conditionally within the State. In the latter case it cannot be read if the personal attendance of the witness can be secured, while in the former it may be read, unless for reasons satisfactorily shown it has been suppressed by an order made for that purpose."

*Robert Sewell*, for the appellant.

*M. C. Addoms*, for the respondent.

Opinion *Per Curiam*.

Present — Davis, P. J., Brady and Daniels, JJ.

Judgment affirmed.